DÍAZ, PLAINTIFF AND APPELLANT, *v.* VÁZQUEZ, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 2, in injunction proceedings.

No. 990.—Decided December 19, 1913.

INJUNCTION—ACTION FOR INJUNCTION—SUBSIDIARY INJUNCTION.—According to the Injunction Act of March 8, 1906, a party desiring to obtain an injunction may bring an action for that purpose alone, or he may petition for it incidentally as subsidiary relief while a suit is pending.

ID.—ACTION FOR INJUNCTION—PROCEDURE—ONUS PROBANDI.—In an action whose only object is to obtain an injunction the proceedings are substantially the same as in an ordinary action and the *onus probandi* is on the plaintiff.

ID.—PRELIMINARY INJUNCTION—ONUS PROBANDI.—The opinion discusses the proceedings to be followed when a preliminary injunction is sought. The burden of proof is always on the petitioner independently of the affidavits filed by the parties both for and against the petition for a preliminary injunction.

DISCONTINUOUS SERVITUDE—RIGHT OF WAY—SERVITUDE BY PRESCRIPTION.—Under the Law of *Siete Partidas* in order to acquire a discontinuous servitude of right of way by prescription it was necessary to show the existence of said servitude from time immemorial.

ID.—USE OF ROAD—ACQUISITION OF SERVITUDE.—When a party claims a servitude of right of way over a road without showing that such road is a public road, or authorization from the municipality to use it, or its use from time immemorial, the mere passing over such road or sending one's children over it to school is not sufficient to acquire a right of servitude thereto.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Enrique Márquez Huertas* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant and appellant filed a suit for injunction in the District Court of San Juan. The substantial averments of the complaint were as follows:

That since the year 1855 Encarnación Díaz has been the owner of a farm situated in the ward of Dos Bocas of the municipal district of Corozal through which there runs a road which enters the property from the back, or east side, and crosses a piece of land formerly belonging to Hilario Guzmán of which the defendant, Pelegrín Vázquez Rivera, is now the owner and has been for three years, said road ending on the western side of the highway leading from Corozal to Barros.

That the aforesaid road was in existence long before the year 1855, for the plaintiff found it open in that year and has used it from that time until now, it being the road regularly used by the plaintiff and her family to go to and from her farm to the town by the highway.

That shortly after the defendant had acquired the aforesaid land from Hilario Guzmán, through which this road ran, he closed it without any right so to do, thus preventing the complainant from using her natural road and consequently compelling her to pass through the adjoining property of Narciso Rivera to reach the town.

After a trial the District Court of San Juan, Section 2, dismissed the complaint.

In this appeal the respondent alleges that the District Court of San Juan was without jurisdiction inasmuch as the real object of the suit was to establish a right of way; that

such being the real object an ordinary suit should have been filed for that purpose and an injunction asked by way of subsidiary relief. The law of 1906 enables a complainant to choose whether he will try to obtain an injunction as the sole object of his suit or to make such injunction subsidiary. Paragraph 1 of section 3 of the Law of Injunction would cover the case of a suit primarily brought for the sole purpose of getting an injunction. Paragraphs 1, 2 and 3 of the same section authorize by their plain terms an injunction during the pendency of the litigation. Section 5 of the same law says:

"An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits, if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor."

The *Municipality of Gurabo* v. *Juncos Central Co.*, 18 P. R. R., 403, was a suit wherein the primary object was to obtain a permanent injunction and not one sought in connection with other relief. The court there outlines the course to be followed to obtain the permanent injunction, showing that then the proceedings are substantially the same as in the trial of any other case. This court also points out that in a suit for a permanent injunction a preliminary injunction may be sought as incident to the relief without prejudicing the granting or refusal of the perpetual injunction.

However, even if the complainant chooses to file a suit in injunction, this does not change the order of the proof at the trial or cast the burden upon the defendant. In most injunction suits the complainant files affidavits to obtain a preliminary injunction. The defendant, on the return day, files an answer perhaps and counter-affidavits, and the court has a discretion of deciding whether a preliminary injunction will issue on the face of the affidavits alone or after hearing oral testimony. See sections 5 and 10 of the Law of March 8, 1906, pp. 87 *et seq.* This return day is not the trial day

unless the court and the parties make it so, but whether it is the day of the preliminary hearing or the trial day the burden of proof is on the complainant. The answer to a rule to show cause may be the answer to the complaint or it may be an affidavit of the party sought to be enjoined; but such answer or affidavit being filed, it is still the duty of the complainant at any hearing or trial to prove his case by a preponderance of the evidence. The court was in error in requiring the defendant to go first, but as the issue was decided in favor of such defendant he was not prejudiced.

The respondent alleges that the complaint in this case is insufficient. In point of fact it sets up no right of servitude by deed or agreement or award of a court but merely relies on an alleged use of the land before 1855. Appellant maintains that before 1890 a discontinuous servitude of a right of way might be acquired by prescription in virtue of the Law of the *Siete Partidas*. The Law of the *Siete Partidas* made it necessary to show a right of way from time immemorial. There is nothing in the complaint which attempts to allege any such right of way from time immemorial.

But even if the complaint had been sufficient, the burden of proof being upon the complainant, there was no showing that the road or servitude claimed was a public road (*camino vecinal*). The necessary authorization by the municipality was not shown. Moreover, the proof did not show that the possession by the complainant ran from time immemorial. Merely passing over a road or sending one's children over it without showing how it was done, whether secretly or otherwise, is not sufficient. The defendant's proof, on the other hand, showed that the defendant and his predecessors had exercised rights of dominion over the said road at one time at least refusing access to it.

The appellant also alleges that this road was a way of necessity but the respondent successfully showed that the complainant could reach the high-road in another way.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.